THE STATE OF OHIO, APPELLANT, *v.* ADAMS, APPELLEE.

[Cite as State *v.* Adams (1988), 39 Ohio St. 3d 186.]

(No. 87-1345—Submitted June 2, 1988—Decided October 26, 1988.)

*Timothy A. Oliver,* prosecuting attorney, and *David E. Ernst,* for appellant.

*Kirby & Associates* and *Richard E. West,* for appellee.

LOCHER, J. In the instant appeal, we are called upon to decide whether, under R.C. 2913.61, a trier of fact may include sales tax in determining the value of property for purposes of establishing whether a theft of such property constitutes a felony. Finding such a practice to be unconstitutional, we affirm the judgment of the court of appeals.

R.C. 2913.51 provides, in pertinent part, as follows:

"(A) No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

"(B) Whoever violates this section is guilty of receiving stolen property. If the value of the property involved is less than three hundred

dollars, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is three hundred dollars or more and is less than five thousand dollars, * * * receiving stolen property is a felony of the fourth degree. * * *"

The controversy in the case before us arose because, while the list price of the stolen radar detector was $295, the total replacement cost of the item to an Ohio resident became $311.23 with the inclusion of Ohio sales tax. Thus, the classification of appellee's receiving stolen property offense as either a misdemeanor or a felony depends on whether sales tax may properly be included in the valuation of stolen property under R.C. 2913.61.

In relevant part, R.C. 2913.61 provides:

"(A) When a person is charged with * * * a violation of section * * * 2913.51 * * * of the Revised Code involving property or services valued at three hundred dollars or more and less than five thousand dollars, * * * the jury or court trying the accused shall determine the value of such property or services as of the time of the offense and, if a guilty verdict is returned, shall return the finding of value as part of the verdict. In any such case, it is unnecessary to find and return exact value * * *.

"* * *

"(D) The following criteria shall be used in determining the value of property or services involved in a theft offense:

"* * *

"(2) The value of personal effects and household goods * * * is the cost of replacing such property with new property of like kind and quality."

The court of appeals correctly determined that a radar detector is a "personal effect" for purposes of R.C. 2913.61, and that therefore its value,

for purposes of R.C. 2913.51(B), was its replacement cost. Generally, the price at which property is held for sale is *prima facie* evidence of its value. See R.C. 2913.61(E)(1). Thus, the list price of the radar detector at the time of the offense, $295, is *prima facie* evidence of its replacement cost. The state, however, contends that in order to compute the true, or actual, replacement cost of the stolen item, the sales tax necessarily levied on the sale of any such personal good in Ohio under R.C. 5739.02 must be added to the list price of the item. We disagree, inasmuch as such a practice would be unconstitutional.

In pertinent part, Section 26, Article II of the Ohio Constitution requires that "[a]ll laws, of a general nature, shall have a *uniform operation* throughout the state * * *." (Emphasis added.) We find that because the sales tax is subject to numerous exemptions, and is thus not an automatic addition to every sale of personal goods in Ohio, the inclusion of sales tax in the computation of the value of stolen property for purposes of establishing the degree or classification of a theft offense would result in the inconsistent application of R.C. 2913.51, in violation of Section 26, Article II of the Ohio Constitution. Accordingly, we hold that Ohio sales tax shall not be included in the determination under R.C. 2913.61(D)(2) of the replacement cost of stolen personal effects and household goods.

R.C. 5739.02 imposes "an excise tax * * * on each retail sale made in this state." However, R.C. 5739.02(B) lists various exemptions to the sales tax, such as sales "to the state, or any of its political subdivisions," R.C. 5739.02(B)(1); or sales "to churches and to nonprofit organizations operated exclusively for charitable purposes in this state * * *," R.C.

5739.02(B)(12). As computed by the state, then, the value of an item stolen from an entity subject to the sales tax would be different from that of an item stolen from an entity exempt from the tax. Consequently, it is conceivable that a defendant accused of stealing an item from an entity subject to the sales tax would be convicted of a felony, whereas a defendant accused of stealing the same item from an entity exempt from the tax would only be convicted of a misdemeanor. Such unequal application of R.C. 2913.51 would violate the "uniform operation" requirement of Section 26, Article II.

Taking the foregoing into consideration, along with the fact that R.C. 2913.61 is silent as to the inclusion of taxes and other surcharges of any kind in the computation of the value of stolen property, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.