[Cite as *State v. Smith*, 2020-Ohio-3618.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00156 |
| JOHN SMITH | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal fom the Canton Municipal Court, Case No. 2019CRB3301

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 6, 2020

APPEARANCES:

For Plaintiff-Appellee

JASON REESE
Canton City Prosecutor
218 Cleveland AvenueSW
Canton, OH 44702

For Defendant-Appellant

AARON KOVALCHIK
116 Cleveland Avenue North
Canton, OH 44702

*Gwin, P.J.*

{¶1}     Defendant-appellant John Smith ["Smith"] appeals his conviction after a jury trial in the Canton Municipal Court.

*Facts and Procedural History*

{¶2}     On July 1, 2019, the owner of the Arcadia Grille, Robin Muntean, arrived at work to find that someone had stolen approximately $800.00 worth of items from the restaurant's outside patio during the night.  A security camera captured video of a black man stealing tables, table umbrellas, large trashcans with wheels, ashtrays, and chairs. The man is seen using a flip phone to possibly take pictures of these items. Muntean testified that she observed the man in the video wearing white and black shoes, sea foam green pants, fishing hat, backpack and rubber gloves. Muntean admitted she could not see the face of the man on the video surveillance footage.

{¶3}     Canton Police Officer Joellen Hartzell testified that she was called to the Arcadia Grille on July 1, 2019. (2T. at 73)[1]. Hartzell made contact with Muntean and she observed the video surveillance footage from the Arcadia Grille. The following day, on July 2, 2019, Officer Hartzell, while walking her beat in the downtown Canton area, stopped at the Urban Ark food pantry. Officer Hartzell testified that as part of her duties she will visit various soup kitchens and food pantries and talk with people. While at the Urban Ark food pantry on July 2, 2019, Officer Hartzell saw a man wearing what appeared to her to be the same clothes that she observed on the man in the surveillance video footage from the Arcadia Grille. Officer Hartzell testified and her body camera captured that the man she saw on July 2, 2019 was wearing a royal blue shirt, the sort of

---

[1] For clarity sake, the Transcript of the jury trial will be referred to by volume and page number as "T."

greenish/blue aqua shorts and the white and black shoes. Officer Hartzell testified that she engaged the man in conversation during which the man took out his flip phone to show her a picture of an award he had won for barbecuing. Officer Hartzell identified Smith as the man she spoke to on July 2, 2019.

{¶4} Both the security camera video from the Arcadia Grille and Officer Hartzell's body camera footage were played for the jury.

{¶5} Smith did not present evidence during his jury trial.

{¶6} The jury found Smith guilty of Theft in violation of R.C. 2913.02 (A) (1). Smith was sentenced to sixty days in jail, a $50.00 fine, and to pay restitution to the Arcadia Grille.

*Assignment of Error*

{¶7} Smith raises one Assignment of Error,

{¶8} "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

*Law and Analysis*

{¶9} In his sole assignment of error, Smith argues that his conviction for Theft is against the manifest weight of the evidence. Smith also claims there is insufficient evidence to support his conviction.

**1. STANDARD OF APPELLATE REVIEW.**

**1.1 Sufficiency of the Evidence**

{¶10} The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of

a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida,* 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶11} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997); Walker*, ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, 'if believed, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), quoting *Jenks* at paragraph two of the syllabus; *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48,

¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

{¶12} There is no dispute in the case at bar that the theft of property from the Arcadia Grille on July 1, 20019 as alleged in the complaint had in fact occurred. Smith's main argument is that there was insufficient evidence to identify him as the perpetrator of that crime.

**1.1.1 Issue for Appeal.**

**1.1.2 Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Smith was the perpetrator of the theft offense.**

{¶13} A witness need not physically point out the defendant in the courtroom as long as there is sufficient direct or circumstantial evidence proving that the defendant was the perpetrator. *See State v. Jenks,* 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991), *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997); United States v. Boyd*, 447 Fed.Appx. 684, 690 (6th Cir.2011) (collecting examples of when "in-court identification is not required"); *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 19.

{¶14} Circumstantial evidence is defined as "'testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved.'" *State v. Nicely,* 39 Ohio St.3d 147, 150, 529 N.E.2d 1236 (1988), *quoting* Black's Law Dictionary 221 (5th Ed.1979). "Circumstantial evidence and direct evidence inherently possess the same probative value." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997)*. "'[C]ircumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005–Ohio–6046, 837 N.E.2d 315, ¶ 75*, quoting State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990).

{¶15}  In the case at bar, ample circumstantial evidence existed to allow the jury to conclude that Smith was the individual who stole property from the Arcadia Grille on July 1, 2019.

{¶16}  Smith was wearing specific and unusual clothing that drew Officer Hartzell's attention. Smith was wearing what Robin Muntean described as "sea foam green" cargo shorts. (2T. at 67). Officer Hartzell described the cargo shorts as "greenish/blue, maybe an aqua color." (2T. at 74). Further, Smith was wearing the same shoes on both days. Shoes that Robin Muntean described as "unusual." (2T. at 65). Officer Hartzell testified that the shoes were like Nike shoes. However, instead of the check going up, "this actually went down." (2T. at 74). Lastly, the royal blue under shirt was the same. (2T. at 74, 77). The jury was able to observe both the surveillance video from the Arcadia Grille taken July 1, 2019 and the body camera video from Officer Hartzell taken on July 2, 2019.

{¶17}  Competent, credible evidence was presented. When that evidence is viewed in the light most favorable to the prosecution the evidence provides sufficient circumstantial evidence that Smith was the person who committed the theft offense from the Arcadia Grille on July 1, 2019. We hold, therefore, that the state met its burden of

production regarding each element of the crime of theft and, accordingly, there was sufficient evidence to support Smith's conviction.

**1.2 Manifest Weight of the Evidence.**

{¶18}   As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient.  *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

> * * *

> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶19}   The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve.  *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31. Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the

appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer,* 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

{¶20} Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

**1.2.1 Issue for Appeal.**

**1.2.2. Whether the jury clearly lost their way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.**

{¶21} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or

sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

{¶22} In the case at bar, the jury heard Officer Hartzell's testimony and Robin Muntean's testimony subject to cross-examination. The jury was able to observe both the surveillance video from the Arcadia Grille taken on July 1, 2019 and the body camera video from Officer Hartzell taken on July 2, 2019. Thus, a rational basis exists in the record for the jury's decision. Further, a prerequisite for any reversal on manifest-weight grounds is conflicting evidence*. State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 20. In the case at bar, Smith does not point to any conflicting evidence on the issue of identity.

{¶23} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter we find Smith's conviction is not against

the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Smith's guilt. The jury neither lost their way nor created a miscarriage of justice in convicting Smith of the offense.

{¶24} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime for which Smith was convicted.

{¶25} Smith's First Assignment of Error is overruled.

{¶26} The judgment of the Canton Municipal Court, Stark County, Ohio is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

[Cite as *State v. Smith*, 2020-Ohio-3618.]